IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BEVERLY SKOLNIK,

Plaintiff,

vs.

SAM'S CLUB, INC., a foreign corporation;

Defendant.

**4:15CV3076**

**MEMORANDUM AND ORDER**

The following motions are pending before me and fully submitted:

- Defendant's motion to strike Plaintiff's experts, (Filing No. 26);
- Plaintiff's motion to extend the discovery deadline, (Filing No. 23);
- Defendant's motion to quash Plaintiff written discovery served on June 29, 2016, (Filing No. 24); and
- Plaintiff's motion for extension of the deposition deadline, (Filing No. 50).

For the reasons discussed below, Plaintiff's motions will be denied, Defendant's motion to quash will be granted, and Defendant's motion to strike Plaintiff's experts will be granted in part and denied in part.

ANALYSIS

Plaintiff's complaint, initially filed in the District Court of Lancaster County, Nebraska on June 15, 2015, alleges she slipped and fell at Sam's Club in Lincoln, Nebraska, resulting in injuries. Plaintiff alleges her accident and injuries were caused by Defendant's negligence; specifically, Plaintiff claims that during construction at the Sam's club store, Plaintiff was directed to an alternate entrance, and while pushing a cart back into the store, the automatic doors opened and caused an all-weather rug to pinch, catch or rise. Plaintiff alleges she tripped and fell on the store's concrete floor because

the elevated rug, caused in part by the shoppers' constant use of the same automatic door, created a hazard.  (Filing No. 1, at CM/ECF pp. 7-8).

On October 5, 2015, the parties filed their Rule 26(f) Report of Parties' Planning Conference.  (Filing No. 9).  The parties' report proposed the following deadlines:

- Mandatory disclosures required under Rule 26(a)(1):  October 30, 2015;

- Plaintiff's experts:  Identified by November 15, 2015, with full disclosures served by May 15, 2016;

- Defendant's experts: Identified by March 15, 2016, with full disclosures served by June 16, 2016;

- Written discovery completed by March 15, 2016;

- Depositions completed by July 15, 2016;

- *Daubert* motions filed by July 15, 2016; and

- Dispositive motions filed by September 1, 2016.

(Filing No. 9).   Other than minor adjustments to avoid weekend settings, the court incorporated the parties' jointly proposed dates into the court's scheduling order, setting the Pretrial conference for December 20, 2016, with trial beginning on January 3, 2017. (Filing No. 11).

Prior to the Plaintiff filing her pending motions to continue, neither party requested any extensions of the case progression deadlines.  And during the case status conference held on May 10, 2016, neither party expressed any concerns with discovery or a need to adjust the scheduling order.

Before Plaintiff filed her lawsuit, her counsel had received a medical causation opinion letter from Paula Weise, D.C., Plaintiff's treating chiropractor.   (Filing No. 36-2).   Counsel received a supplemental and more thorough opinion letter from Dr. Weise on

November 2, 2015, (Filing No. 36-4), and a causation opinion letter from Robert W. Dugas, M.D., an orthopedic surgeon, on November 9, 2015, (Filing No. 36-3).[1]   The court found no evidence of record stating when these opinion letters were served on Defendant.[2]

Plaintiff served document production requests on November 3, 2015, demanding copies of all surveillance videos showing the Plaintiff prior to, during, and after the fall, the CMI recorded statement of the Plaintiff,  the written statement of Anna Markowski dated August 28, 2011, and all applicable policies and procedures regarding floor maintenance, employee training, and safety manuals mentioned in  Defendant's Rule 26 Initial Disclosures. (Filing No. 28-8).   Defendant produced  the requested information on December 1, 2015, (Filing No. 28-11), and January 13, 2016. (Filing No. 28-12).

In response to Defendant's discovery requests, Plaintiff produced an itemized list of her medical expenses on November 25, 2015, and agreed to produce Plaintiff's medical records when received.  (Filing No. 28-10).   Those records were provided on and before February 1, 2016. (Filing No. 28-13).

Plaintiff's attempts to schedule the depositions of Defendant's employees began on March 4, 2016.  (Filing No. 34, at CM/ECF p. 5).  Defendant disclosed the names of those employees in supplemental disclosures served on May 18, 2016.  (Filing No. 38-4). The employees  were deposed on June 20, 2016.

---

[1] The received  dates are based on the "Received" date stamps on the documents.

[2] Defense counsel states the reports were submitted "six months after litigation in this case had commenced," ((Filing No. 35, at CM/ECF p. 5), meaning mid-December, 2015.   There is nothing of record explain why these physician witnesses were not identified in November are required under the scheduling order.

Plaintiff disclosed the names of her experts nearly six months late, on May 11, 2016.   (Filing No. 28-16). That disclosure also states "Plaintiff is in the process of identifying an expert with a specialty in safety management procedures for retail stores during construction and or renovation." (Filing No. 28-16, at CM/ECF p. 2).   Plaintiff has not disclosed any expert reports.

Defendant requested a Rule 35 examination of Plaintiff.   Dr. Mark E. Dietrich performed that examination on May 2, 2016, and provided a written report of his findings on May 13, 2016. (Filing No. 52-2).   This report was timely disclosed to Plaintiff on June 14, 2016. (Filing No. 26, at CM/ECF p. 2, ¶5).   Apparently, until receiving Dr. Dietrich's written report, Plaintiff believed Dr. Dietrich's opinions on causation and future medical treatment were favorable to the Plaintiff.   (Filing No. 34, at CM/ECF p. 6).   Plaintiff's counsel requested and received an estimate of Plaintiff's future surgical costs on June 15, 2016. (Filing No. 34, at CM/ECF p. 11).

Other than the four document requests served in November of 2015, Plaintiff served no written discovery until June 29, 2016, after the depositions of Defendant's employees and more than three months after the deadline for completing written discovery.   (Filing No. 28-19, Filing No. 28-20).   The discovery Plaintiff served on June 29, 2016 requests   information about the construction occurring at the time of Plaintiff's fall, the condition of the floor and rug on the day of the accident, any prior slip and fall incidents, the identity of any Sam's Club employees who may have information about the accident, how   Defendant responded   to   Plaintiff's fall,   Defendant's   documentation concerning Plaintiff's fall, and the historic traffic volume at the store.   Plaintiff's discovery also includes requests for admissions regarding statements made to Plaintiff by Dr. Dietrich during the Rule 35 examination.   (Filing No. 28-19, Filing No. 28-20).

Following the disclosure of Dr. Dietrich's report on June 14, 2016 and the depositions of Defendant's employees on June 20, 2016, Plaintiff requested no depositions before July 15, 2016, the deposition deadline.

Defendant has moved to strike Plaintiff's experts as untimely disclosed. Plaintiff moves to extend the discovery and deposition deadlines, explaining additional time is needed because Sam's club is a "distant corporation," with a "wide array of personnel and particularized division of labor in this case involving operations, design and construction, inter alia, that all came to bear at the Sam's Store on North 27th in Lincoln, Nebraska;" defense counsel is located in Scottsbluff, Nebraska, making deposition scheduling difficult; and Plaintiff's counsel has been dealing with "the press of other significant case matters." (Filing No. 44, at CM/ECF p. 3).

## ANALYSIS

Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements. . . . , [but the] 'existence or degree of prejudice to the party opposing the modification' and other factors may also affect the decision." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

Plaintiff has failed to make any showing of due diligence. Plaintiff apparently possessed causation opinion letters from her treatment providers at the outset of the case, but did not identify experts by the deadline set in the court's order. Plaintiff served very limited written discovery prior to the March 15 deadline for serving such discovery. She served substantially more written discovery on June 29, 2016—long after the deadline— but with the exception of those requests for admissions about statements allegedly made by Dr. Dietrich, the topics within this late-served written discovery could have anticipated and raised at the outset of this case. And even after receiving the unanticipated report of Dr. Dietrich, Plaintiff did not request his deposition before the July 15 deposition deadline.

The court's scheduling order was created based on the representations of counsel. When those dates were proposed by counsel, Plaintiff knew the defendant was a large company and was represented by counsel from Scottsbluff , Nebraska. Even assuming the "press of other matters" is sufficient to prove due diligence, the matters listed in the affidavit of Plaintiff's counsel are all recent or in preparation for upcoming trials. (Filing No. 30, at CM/ECF p. 2). There is nothing of record explaining why only limited written discovery was served and no depositions were requested during the five months between October 19, 2015, when the scheduling order was entered, and March of 2016.

Plaintiff's counsel did not request or receive a court-approved continuance of any deadline before the deadlines expired, or before serving discovery well beyond the discovery deadlines. Since Plaintiff has failed to show due diligence, her motion to extend the discovery deadline, (Filing No. 23); and her motion for extension of the deposition deadline, (Filing No. 50), will be denied. Plaintiff's service of written discovery on June 29, 2016 was untimely. As to those discovery requests, Defendant's motion for protective order is granted, and Plaintiff's written discovery served on January 29, 2016 is stricken.

Defendant has moved to strike Plaintiff's experts as untimely disclosed. Plaintiff opposes the motion, stating her experts are treating medical providers and a written report is unnecessary.

A significant body of case law has developed over the extent of permissible testimony from a treating physician in the absence of a formal report. But under the facts presented in this case, I need not weigh in on that topic. Even assuming a written report is never required if the expert is a treating medical provider, Plaintiff failed to comply with Rule 26(a)(2) and the deadlines in the court's order.

Plaintiff did not identify any expert witnesses expected to testify at the trial on or before the November 16, 2015 deadline.[3] Although she already had opinion letters from Dr. Weise and Dr. Dugas in hand, in her discovery responses dated November 17, 2015, Plaintiff answered:

> INTERROGATORY NO. 7: Set forth the names, addresses and telephone numbers of all expert witnesses whom you intend to call at the trial of this case.
>
> ANSWER: Plaintiff has not retained an expert witness at this time. Plaintiff will supplement this Interrogatory if and when necessary.
>
> . . .
>
> INTERROGATORY NO. 9: Set forth the names, addresses and telephone numbers of all witnesses whom you intend to call at the trial of this case.
>
> ANSWER: Plaintiff has not determined who she intends to call as a witness at trial at this time. Plaintiff will supplement this request.

(Filing No. 28-9, at CM/ECF p. 3).

---

[3] As stated in the court's scheduling order, the expert disclosures deadlines apply to "both retained experts, (Fed. R. Civ. P. 26(a)(2){B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)." (Filing No. 11, at CM/ECF p. 2).

And while non-retained expert need not provide a written report, such witnesses must nonetheless timely disclose:

(i)    the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii)   a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C).

The deadline for serving Plaintiff's expert witness disclosures was May 15, 2016. Plaintiff's "Expert Witness Disclosure" served on May 11, 2016, lists only the names of her treating doctors, and Defendant's rule 35 examiner. (Filing No. 28-16). It does not identify the subject matter of their testimony or the facts and opinions to which each witness is expected to testify.

Plaintiff failed to disclose even the identity of her testifying expert witnesses until May of 2016, six months after the deadline for doing so. As such, the court could strike all the treating medical providers as untimely disclosed. But Plaintiff did produce copies of her medical records before that date. While not in the form likely contemplated by Rule 26(a)(2)(C), the medical records serve as a Rule 26(a)(2)(C) disclosure, providing the names of the medical providers, along with the facts and their opinions as disclosed in those records.

Under such circumstances, Plaintiff's experts will not be stricken in their entirety. But their testimony will be limited to the information and opinions included in their medical records. To be clear, Plaintiff's document outlining the estimate of Plaintiff's future surgical costs (first retrieved on June 15, 2016), (Filing No. 34, at CM/ECF p. 11),

and the Wiese and Dugas letters (Filing Nos. 36-2 through 36-4), are not medical records and any information or opinions within those documents which is not also expressly stated in the medical records is stricken as untimely disclosed.

Accordingly,

IT IS ORDERED:

1)      Defendant's motion for protective order, (Filing No. 24), is granted.

1)      Defendant's motion to strike Plaintiff's experts, (Filing No. 26), is granted in part and denied in part as stated above.

2)      Plaintiff's motion to extend the discovery deadline, (Filing No. 23), is denied.

3)      Plaintiff's motion for extension of the deposition deadline, (Filing No. 50), is denied.

 September  1, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.